IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL FACILITIES MANAGEMENT, INC., Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 2:06CV1136-MHT |
| EMCOR FACILITIES SERVICES, INC., Defendant. | ) ) ) | |

**MOTION FOR LEAVE TO AMEND ANSWER**

  Defendant EMCOR Facilities Services, Inc. ("EMCOR"), pursuant to the provisions of Rule 15(a)(2), Fed. R. Civ. P., moves the Court for leave to amend its Answer (Doc. 2) to the plaintiff's Complaint (Doc. 1), to assert an additional defense.

  Specifically, EMCOR seeks leave to present the affirmative defense of the bar of the Statute of Frauds as its Eleventh Affirmative Defense in further answer to the plaintiff's claims of liability.

  As grounds, EMCOR asserts the following:

  1.  On June 26, 2007, plaintiff Professional Facilities Management, Inc. ("PFMI") served its expert witness disclosure, identifying a certified public accountant as prepared to testify to PFMI's alleged damages resulting from the acts of which complaint is made. The expert witness report identifies the intent of PFMI to claim damages for a period exceeding one year, as arising from the alleged breach of contract and tortious conduct of defendant EMCOR.

  2.  Under Alabama law, a contract that is void by operation of the Statute of Frauds, § 8-9-2, Ala. Code 1975, cannot form the basis for tort claims that are reliant upon a valid contract for support. See, Bruce v. Cole, 854 So.2d 47 (Ala. 2003).

      3.      In light of the fact that the plaintiff's claim for damages based on an alleged contract with performance in excess of one year was first made known through the plaintiff's June 26, 2007, expert witness disclosure, defendant EMCOR was unable to seek amendment of its Answer to plead the bar of the Statute of Frauds by April 13, 2007, and thus could not comply with the deadline for amendment of the pleadings stated in Section 4 of the Uniform Scheduling Order (Doc. 8).

      4.      Leave to amend the pleadings before trial should be freely given when justice so requires.  Rule 15 (a)(2), Fed. R. Civ. P.; <u>Hargett v. Valley Fed. Sav. Bank</u>, 60 F.3d 754, 762-3 (11th Cir. 1995).

      5.      The amendment sought by defendant EMCOR will not prejudice the rights of the plaintiff, inasmuch as the proposed amendment seeks to raise a legal defense, and there is sufficient time for the plaintiff to conduct discovery, should any be warranted in light of the proposed amendment.

      THE FOREGOING CONSIDERED, defendant EMCOR moves the Court for leave to amend its Answer to assert the affirmative defense of the Statute of Frauds.

      /s/ Jack Owen
      JACK OWEN   (ASB-4805-N66C)
      Attorney for Defendant
      Emcor Facilities Services, Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: CCOWEN@BALL-BALL.COM

and

2

Benjamin H. Sawyer
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 853-8188
Email: BENJAMIN.SAWYER@SABLAW.COM

---

## CERTIFICATE OF SERVICE

     I hereby certify that on July 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                                             __/s/ Jack Owen_____
                                             OF COUNSEL

Mr. Rhon E. Jones
Ms. Scarlette M. Tuley
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL  36103-4160
Email:  RHON.JONES@BEASLEYALLEN.COM
Email:  SCARLETTE.TULEY@BEASLEYALLEN.COM