IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL FACILITIES MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:06CV1136-MHT |
| EMCOR FACILITIES SERVICES, INC.; and A, B, and C, as fictitious parties | ) ) ) ) | |
| Defendants. | ) ) ) | |

**EMCOR'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND REQUEST FOR LEAVE TO CONDUCT DEPOSITION OF GREG LITTLEFIELD PURSUANT TO FED. R. CIV. P. 30(a)(2)**

EMCOR Facilities Services, Inc. ("EMCOR") hereby opposes Plaintiff's Emergency Motion for Protective Order (Doc. 39) and, pursuant to Fed. R. Civ. P. 30(a)(2), seeks leave from this Court to depose Greg Littlefield solely on the issue of Mr. Littlefield's payment of thousands of dollars to EMCOR's Director of Business Development for hiring Mr. Littlefield's company, Professional Facilities Management, Inc ("PFMI"). As grounds, EMCOR shows the Court as follows:

1.    During Mr. Littlefield's first deposition on August 9, 2007, EMCOR had no knowledge that PFMI's President paid EMCOR's former director thousands of dollars as a kickback for his role in hiring PFMI as a subcontractor on the Branch Banking & Trust ("BB&T") account that is the subject of this lawsuit. *See* EMCOR's Brief in Support of Motion for Leave to Amend Counterclaim, Statement of Facts No. 5 (Doc. 35).

1

2.      EMCOR also had no knowledge that its former Director of Business Development "only considered" PFMI as janitorial subcontractor.  *See id.*, Statement of Facts No. 4.

3.      EMCOR only obtained this information through third party deposition of Alan Cristal, its former Director of Business Development, on September 4, 2007.  *See id.*, Statement of Facts No. 1.

4.      On March 6, 2007 EMCOR sought categories of documents related to the negotiation of the EMCOR/PFMI contract, PFMI's agreements with third parties, as well as documents evidencing payments made by PFMI related to the BB&T project.  Production of these records would have revealed PFMI's payment to EMCOR's former director.  PFMI incorrectly stated that these documents were already provided to EMCOR:

> "Request for Production No. 4:
>
> All documents which constitute, confirm, or relate in any way to negotiations between PFMI and EMCOR in connection with reaching an agreement for PFMI to provide janitorial services for the BB&T branches.
>
> **RESPONSE: [P]laintiff states that: Plaintiff has previously produced the requested information.  Due to the extremely large volume of emails between the parties, Plaintiff will continue to review and supplement its response to this request if further responsive emails are identified.**
>
> . . .
>
> Request for Production No. 8:
>
> All documents which constitute confirm, or relate to any agreement between PFMI and any third party . . . related to PFMI providing janitorial services for BB&T branches.
>
> **RESPONSE: [P]laintiff states that: Plaintiff is producing responsive documents herewith**.
>
> Request for Production No. 20:

All documents which constitute, confirm, or relate in any way to PFMI's actual costs incurred in connection with its performance of janitorial services as a part of PFMI's contract(s) with EMCOR, including but not limited to:

. . .

b.      Pay requisitions;

c.      Payroll records;

. . .

j.      Payment requests;

k.      Cancelled Checks;

**RESPONSE: [P]laintiff states that: Plaintiff is producing vendor files herewith."**

*See* PFMI's Responses to EMCOR's First Set of Requests for Production, attached hereto as Exhibit "A".

5.      Had PFMI timely produced documents evidencing Mr. Littlefield's direct payment to EMCOR's former Director of Business Development, EMCOR would have had the opportunity to examine Mr. Littlefield concerning the facts and circumstances surrounding Mr. Littlefield's payment to Alan Cristal.  To date, however, PFMI has not produced any documents reflecting Mr. Littlefield's payment to EMCOR's former director for hiring PFMI as a subcontractor on the BB&T account.

6.      EMCOR timely served its notice of deposition one week before the expiration of the discovery period.  *See* PFMI's Emergency Motion for Protective Order, ¶ 1 and Exhibit "A" thereto.   Absent stipulation of the parties, however, leave must be sought from the court to conduct a second deposition based on newly discovered evidence.  Fed. R. Civ. P. 30(a)(2).

7.      Leave to reopen the deposition of Mr. Littlefield should be granted because a) EMCOR had no idea Mr. Littlefield paid EMCOR's former director to hire PFMI as a subcontractor; b)

3

EMCOR only discovered that Mr. Littlefield paid EMCOR's former director to hire PFMI as a subcontractor through third party discovery of its former director; c) EMCOR previously requested documents from PFMI that would have informed EMCOR that Mr. Littlefield paid EMCOR's former director that were not provided in discovery; and d) the requested deposition will be limited to Mr. Littlefield's payment of a kickback to EMCOR's former director.

8.      Pursuant to Fed. R. Civ. P. 30(a)(2), leave to reopen a deposition based on newly discovered evidence "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) . . . ."  Permitting the deposition of Mr. Littlefield to go forward within the discovery period is consistent with the principles identified in Fed. R. Civ. P. 26(b)(2), which provides in pertinent part: "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  (emphasis additional).  Here, the deposition will not be cumulative; EMCOR has not had "ample opportunity" to discover the facts and circumstances surrounding Mr. Littlefield's payment to EMCOR's former Director of Business Development; and there will be minimal burden and expense associated with a deposition limited to the topic of Mr. Littlefield's payment to Mr. Cristal for hiring PFMI on the BB&T project.

9.     Persuasive authority supports granting EMCOR leave to depose Mr. Littlefield based on newly discovered evidence. *See Collins v. International Dairy Queen*, 189 F.R.D. 496, 498 (M.D.Ga. 1999) ("Although plaintiffs assert that second depositions would be unreasonably cumulative, they have provided insufficient proof that this is the case and have not shown that a second deposition would be unduly burdensome or expensive."); *Quality Aero Technology v. Telemetrie Elektonik GmbH,* 212 F.R.D. 313, 319 (E.D.N.C. 2002) (granting motion for leave to reopen Fed. R. Civ. P. 30(b)(6) deposition based on discovery of information acquired after original Rule 30(b)(6) deposition); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51 (E.D.Pa. 1995) (granting motion for leave to reopen deposition pursuant to Fed. R. Civ. P. 30(a)(2) on matters not covered by the first deposition).

10.     PFMI's Emergency Motion for Protective Order should be rejected because it cannot demonstrate undue prejudice in producing Mr. Littlefield in Montgomery, Alabama on the minute topic of Mr. Littlefield's interference with EMCOR's contractual relations, where production of records evidencing Mr. Littlefield's payment to EMCOR's director would have permitted examination on this issue during the original deposition.

THE FOREGOING CONSIDERED, defendant EMCOR respectfully requests that PFMI's Emergency Motion for Protective Order be denied and asks that it be granted leave to depose PFMI's President, Mr. Greg Littlefield, on the limited subject of his payment of a kickback to EMCOR's former director, Alan Cristal, for hiring PFMI as a subcontractor on the BB&T project.

/s/Benjamin H. Sawyer
BENJAMIN H. SAWYER

OF COUNSEL:
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 853-8188
Email: BENJAMIN.SAWYER@SABLAW.COM

and

JACK OWEN   (ASB-4805-N66C)
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: CCOWEN@BALL-BALL.COM

Attorneys for Defendant
EMCOR Facilities Services, Inc.

6

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PROFESSIONAL FACILITIES
MANAGEMENT, INC.,

§
§
§
                **Plaintiffs,** §
§
**v.** §
§
EMCOR FACILITIES SERVICES, §
INC.; and A, B, and C, as fictitious §
parties, §
§
§
            **Defendants.** §

No Docket Entry
Required 4/24/07
Reviewed by SWW

**CIVIL ACTION NO: 2:06CV1136-MHT**

**PLAINTIFF PROFESSIONAL FACILITIES MANAGEMENT, INC.'S
RESPONSES TO DEFENDANT EMCOR FACILITIES
MANAGEMENT, INC'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff PFMI

hereby responds and objects to Defendant EMCOR Facilities Services, Inc's First

Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

Plaintiff objects to each and every one of Defendant's document requests and

purported instructions and definitions set forth therewith on the following grounds.

These general objections shall be incorporated into each of Plaintiff's responses and

objections to Defendant's individual document requests set forth below.

1. Plaintiff has made reasonable efforts to respond to each and every request for

production, to the extent it has not been objected to, as Plaintiff understands and

interprets the request. If Defendant subsequently asserts an interpretation of any

request for production which differs from that of Plaintiff's, Plaintiff reserves the right to supplement its objection and/or responses.

2. Plaintiff objects to each and every request to the extent it seeks privileged information; information prepared in anticipation of litigation, constituting attorney work product, or disclosing mental impressions; conclusion, opinions or legal theories of any attorney or other representative of Plaintiff; information containing privileged attorney-client communications; and/or information that is otherwise protected from disclosure under applicable privileges, laws, or rules. Any disclosure of such protected or privileged information in response to the requests for production is inadvertent and is not intended to be, and shall not operate as a waiver of any privileges or protections; nor is such inadvertent disclosure or production intended to be, nor shall it constitute a waiver of the right to object to any use of such response, document or of the information contained therein.

3. Plaintiff objects to each and every request for production to the extent that it is overbroad, unduly burdensome or seeks information that is neither relevant to the claim or defense of any party, the subject matter of the litigation, nor is reasonably calculated to lead to the discovery of admissible evidence. Federal Rules of Civil Procedure 26(b)(2)(iii) instructs courts to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Among factors to be taken into account when making this determination are "the importance of the issues at stake in the controversy" and the "importance of the proposed discovery in resolving the issues."

4.  Plaintiff objects to each and every request for production to the extent that it is vague and ambiguous, or cumulative or duplicative of other requests for production, and would subject Plaintiff to oppression, harassment, undue burden or expense.

5.  Plaintiff objects to each and every request for production to the extent it seeks information that is (a) not in Plaintiff's possession, custody or control; (b) in the possession, custody or control of Defendant; (c) publicly available; or (d) equally available and/or as readily accessible to Defendant as to Plaintiff.

6.  Plaintiff objects to Defendant's instructions and definitions as improper, oppressive, and overbroad to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.  Plaintiff's production of documents will conform to the Federal Rules of Civil Procedure, and Defendant's purported instruction will be ignored.


## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS


1.  All documents which constitute, confirm, or relate in any way to bids, estimates, or proposals prepared or received by PFMI in connection with PFMI's performance of janitorial services for the BB&T branches under its agreement with EMCOR, including without limitation all documents between or among PFMI and any sub-tier contractors.

**RESPONSE:       Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of**

the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced much of what is requested. Other responsive documentation in Plaintiff's possession is produced herewith.

2. All documents which constitute, confirm, or relate in any way to notes, memoranda, e-mails, correspondence, or any other form of communication by or between any agents or employees of PFMI, EMCOR, Owner, other contractors, subcontractors, sub-subcontractors, suppliers, materialmen, mechanics, laborers, vendors, independent contractors, or any combination thereof, relating to the janitorial services for the BB&T branches PFMI was to perform under its agreement with EMCOR.

RESPONSE:    Plaintiff objects on the grounds that "constitute," "confirm," "relate" and "Owner" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced much of what is requested. Other responsive

**documentation in Plaintiff's possession is produced herewith.** **Due to the extremely large volume of emails covered by this request Plaintiff will continue to review and supplement its response to this request.**

3. All documents that evidence, reflect, or relate to the preparation of PFMI's bid proposal to provide janitorial services for the BB&T branches PFMI was to perform under its contract(s) with EMCOR, including but not limited to:

    a. Plans, specifications, and drawings used by PFMI during the bid process;

    b. Bid documents;

    c. Bid proposals;

    d. Bid estimates including work sheets, take-off sheets, and analysis;

    e. Bid tabulations, comparisons, and evaluations;

    f. Calculations, comparisons, and analysis of projected costs;

    g. Solicitations, offers, computations, correspondence, costs, and comparisons related to the actual or projected work of third parties employed by PFMI to complete the original scope of work incorporated into PFMI's bid proposal;

    h. Any other notes and computations relating to PFMI's bid proposal.

**RESPONSE:** **Plaintiff objects on the grounds that "evidence," "reflect," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule**

26(a)(1) Initial Disclosures. Information requested is also duplicative to other requests for production herein. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced the documentation associated with the bid to EMCOR. Other responsive documentation may be contained in responses to other requests for production contained herein.

4. All documents which constitute, confirm, or relate in any way to negotiations between PFMI and EMCOR in connection with reaching an agreement for PFMI to provide janitorial services for the BB&T branches.

RESPONSE:     Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced the requested information. Due to the extremely large volume of emails between the parties, Plaintiff will continue to review and supplement its response to this request if further responsive emails are identified.

5. All drafts of proposed subcontract agreements drafted by or for PFMI or EMCOR related to PFMI providing janitorial services for BB&T branches.

**RESPONSE:**    **Without waiving any general objections, Plaintiff states: Subcontractor agreements are produced herewith in response to requests 8 and/or 9 as they are contained in PFMI's files.**

6. All documents which constitute, confirm, or relate in any agreement between PFMI and EMCOR concerning PFMI's scope of work.

**RESPONSE:**    **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced the requested information. Due to the extremely large volume of emails between the parties, Plaintiff will continue to review and supplement its response to this request if further responsive emails are identified.**

7. All documents which constitute, confirm, or relate in any agreement between PFMI and any direct employee of PFMI, including but not limited to supervisors, project managers, laborers, workers, mechanics, engineers, or administrative personnel, concerning PFMI providing janitorial services for BB&T branches.

**RESPONSE:**    **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of**

the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that:  There are no documents responsive to this request.

8. All documents which constitute, confirm, or relate to any agreement between PFMI and any third party, including but not limited to subcontractors, sub-subcontractors, suppliers, materialmen, mechanics, laborers, designers, engineers, vendors, independent contractors, or other persons or entities providing labor, materials, equipment, or services related to PFMI providing janitorial services for BB&T branches.

RESPONSE:       Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that:  Plaintiff is producing responsive documents herewith.

9. All documents which constitute, confirm, or relate in any way to the performance of PFMI or the performance of those performing under or through PFMI, in providing labor, material, or services related to PFMI providing janitorial services for BB&T branches, including but not limited to:

a. Project manuals;

b. Job diaries;

c.  Daily reports;

d.  Logs (daily, weekly, monthly);

e.  Field reports (daily, weekly, monthly);

f.  Detailed job cost reports;

g.  Job record files;

h.  Invoices;

i.  Delivery slips or tickets;

j.  Photographs, videotapes, audio recordings, tapes, or other visual or audio documentation of work progress, in either print and/or digital format;

k.  Inspection reports;

l.  Inspection reports;

m. Meeting minutes;

n.  Interviews with persons associated with PFMI's providing janitorial services for the BB&T branches;

o.  Transcripts, notes, minutes, reports, audio tapes, summaries, and other documents or things pertaining to meetings and discussions, formal or informal;

p.  Change orders, work orders, field orders, proposals, or confirmation of field instructions, whether approved, disputed or pending, including any such documents consisting of drawings, photographs, or written materials;

q.  Notices to proceed;

r.  Notices of non-conforming work;

s.  Any reports made by any governmental agency or employee thereof;

t. Any reports made by any federal, county, city, police, state, or other governmental institution.

**RESPONSE:** **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous. The request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. This request is oppressive and places an undue burden on Plaintiff. Plaintiff further objects to the extent that this requests documents not in Plaintiff's possession, custody or control. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff is producing responsive documents herewith.**

10. All documents which constitute, confirm, or relate in any way to any internal estimate or projection as to the time, cost, equipment hours, or many hours necessary or anticipated for PFMI to provide janitorial services for the BB&T branches.

**RESPONSE:** **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has no documents responsive to this request.**

11. All documents which constitute, confirm, or relate in any way to the sequencing of any portion of the janitorial services for the BB&T branches to be cleaned under PFMI's contract(s) with EMCOR.

**RESPONSE:**      **Plaintiff objects on the grounds that this request is vague and ambiguous and incapable of a reasonable response.**

12. All documents which constitute, confirm, or relate in any way to the dates upon which PFMI began providing janitorial services for the BB&T branches under its contract(s) with EMCOR.

**RESPONSE:**      **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures. Information requested is also duplicative to other requests for production herein. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Responsive documentation is produced herewith.**

13. All documents which constitute, confirm, or relate in any way to any claims for additional time or money, or notices of intent to claim any additional time or money, submitted by PFMI, its agents or employees, to EMCOR, relating to PFMI providing janitorial services for BB&T branches under contract(s) with EMCOR.

**RESPONSE:**      **Plaintiff objects to Defendants language of "additional time or money" as vague, ambiguous and irrelevant. Plaintiff's complaint requests**

payment of moneys owed for work performed. Plaintiff does not know what Defendant considers "additional time or money."

14. All Change Orders, updates, revisions, or amendments to PFMI's scope of work, whether or not submitted or approved.

RESPONSE: Plaintiff objects on the grounds that this request is vague and ambiguous. The foregoing general and specific objections not withstanding Plaintiff states: Work Orders are being produced herewith.

15. All documents which constitute, confirm, or relate in any way to any critique or analysis of the performance of any entity associated with providing janitorial services for the BB&T branches under PFMI's contract(s) with EMCOR.

RESPONSE: Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous. The request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. This request is oppressive and places an undue burden on Plaintiff. Plaintiff further objects to the extent that this requests documents not in Plaintiff's possession, custody or control. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff is producing vendor files herewith.

16. All documents which constitute, confirm, or relate in any way to any to PFMI's decision to cease performing janitorial services for the BB&T branches as a part of PFMI's contract(s) with EMCOR.

**RESPONSE:**      Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that:  Plaintiff has previously produced much of what is requested.   Other responsive documentation in Plaintiff's possession is produced herewith.

17. All documents which constitute, confirm, or relate in any way to any business plans or pro forma documents that attempt to or do in fact project profits or losses in connection with PFMI providing janitorial services as a part of PFMI's contract(s) with EMCOR.

**RESPONSE:**      Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous.  Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced financial reports.

18. All documents which constitute, confirm, or relate in any way to any report or other analysis of the profits, losses, uses, operations, or other financial

performance of any aspect of PFMI's operations relating to PFMI providing janitorial services as a part of PFMI's contract(s) with EMCOR.

**RESPONSE:**     **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous.  Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has previously produced financial reports.  Plaintiff also produces a comparative income statement herewith.**

19. All documents which constitute, confirm or relate in any way to any loan relating to PFMI providing janitorial services or paying PFMI's subcontractors or suppliers as a part of PFMI's contract(s) with EMCOR.

**RESPONSE:**     **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that:   The loan document is produced herewith.**

20. All documents which constitute, confirm, or relate in any way to PFMI's actual costs incurred in connection with its performance of janitorial services as a part of PFMI's contract(s) with EMCOR, including but not limited to:

　　　a.  Detailed job cost reports;

　　　b.  Pay requisitions;

　　　c.  Payroll records;

　　　d.  Accounting records;

e.  Audits;

f.  Financial statements;

g.  Monthly pay estimates, requisitions, certifications, and payments;

h.  Equipment reports, records and cost reports;

i.  Documents evidencing payment by PFMI;

j.  Payment requests;

k.  Cancelled checks;

l.  Design calculations;

m. Invoices;

n.  Comparisons, summaries, tabulations, and/or analysis comparing costs actually incurred on the Project with the cost originally anticipated for PFMI's work;

o.  Material delivery records, slips, or tickets;

p.  Pay stubs;

q.  Labor reports and records or other records of actual or projected costs and expenses.

**RESPONSE:       Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous.  The request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  This request is oppressive and places an undue burden on Plaintiff. Plaintiff further objects to the extent that this requests documents not in Plaintiff's possession, custody or control.   Subject to and without waiving the**

foregoing general and specific objections, Plaintiff states that: Plaintiff is producing vendor files herewith.

21. All payment applications submitted by PFMI to EMCOR for work performed by PFMI or its subcontractors relating to PFMI's provision of janitorial services as a part of PFMI's contract(s) with EMCOR.

**RESPONSE:** **Plaintiff objects on the grounds that this is information equally available to Defendant.**

22. All documents which constitute, confirm, or relate in any investigations performed by or on behalf of PFMI or any other person or entity which relate to PFMI's work or the work of any person or entity performing under or through PFMI, whether conducted before, during, or after the PFMI's work.

**RESPONSE:** **Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the information requested is duplicative to other requests for production herein. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Vendor files are being produced herewith.**

23. All documents which constitute, confirm, or relate in any way to any release of liens or claims, including contingent, partial, or final releases, by PFMI or any other party in any way associated with PFMI and its work providing janitorial services for the BB&T branches.

**RESPONSE:**    Plaintiff objects on the grounds that "constitute," "confirm," and "relate" are vague and ambiguous, that the request is overly broad and seeks information irrelevant to the claim or defense of any party or the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Plaintiff has identified no responsive documentation.

24. All documents that evidence, reflect, or relate to any allegation of PFMI, or denial or defense of PFMI, asserted in this action.

**RESPONSE:**    Plaintiff objects on the grounds that "evidence," "reflect," and "relate" are vague and ambiguous. The request is overly broad. This request is oppressive and places an undue burden on Plaintiff. Plaintiff further objects to the extent that this requests documents not in Plaintiff's possession, custody or control. Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures. Information requested is also duplicative to other requests for production herein. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: Responsive documentation is contained in responses to other requests for production contained herein.

25. All documents which PFMI intends to use as evidence in this action, or to introduce as evidence at trial.

**RESPONSE:       Plaintiff has made no decisions as to what evidence may be used at the trial of this matter.  Plaintiff will supplement this response pursuant to the court's scheduling order regarding exchange of exhibit lists for trial.**

26. All documents which evidence, reflect, constitute, or relate in any way to any sworn or recorded testimony, witness statements, or reports which in any way relates to PFMI's claims in this action or PFMI's provision of janitorial services for the BB&T branches.

**RESPONSE:       Plaintiff has identified no "sworn or recorded" testimony, witness statements or reports.**

27. All documents or things that evidence, reflect, relate, refer to, or summarize any damages being claimed by PFMI against EMCOR.

**RESPONSE:       Plaintiff objects on the grounds that "evidence," "reflect," "relate" and "refer to" are vague and ambiguous.  Plaintiff further objects to the extent that the information requested is duplicative to the information previously produced by Plaintiff pursuant to Rule 26(a)(1) Initial Disclosures.  Subject to and without waiving the foregoing general and specific objections, Plaintiff states that:  Responsive documentation has been previously produced.**

28. All documents which evidence, reflect, or relate to any expert's work or opinions concerning this action, including but not limited to all documents provided to or reviewed by any expert.

**RESPONSE:       Plaintiff will supplement this response pursuant to the court's scheduling order regarding expert disclosures.**

29. All documents that were used, referred to, or reflected upon by PFMI in any way to responding to EMCOR's First Interrogatories to PFMI.

**RESPONSE:** **To the extent any documents were used in responding to Interrogatories they are produced herewith.**

30. All documents identified by PFMI in PFMI's answers to EMCOR's First Interrogatories to PFMI.

**RESPONSE:** **To the extent any documents were identified they are produced herewith.**

31. All documents between or among PFMI, its representations and Alan Crystal related to PFMI's agreement with EMCOR; offers of employment by PFMI to Mr. Crystal; and any correspondence or email correspondence between Mr. Crystal and a PFMI employee, agent, and/or representative.

**RESPONSE:** **Plaintiff objects on the ground that the information requested is irrelevant to any claims or defenses in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that: A draft of the Employment Proposal letter and the Employment Proposal letter to Alan Crystal are produced herewith.**

Rhon E. Jones (JON093)
Scarlette M. Tuley (TUL007)
Attorney for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office 4160
Montgomery, Alabama 36103-4160
Phone: (333) 269-2343
Fax: (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below either by hand delivery or by placing a copy of same in the United States Mail, first class, postage prepaid, a true and correct copy of the above and foregoing document on this the 19th day of April, 2007.

OF COUNSEL

Mr. Jack Owen
Ball, Ball, Matthews & Novak, PA
Post Office Box 2148
Montgomery, Alabama 36102-2148
ccowen@ball-ball.com

Mr. Benjamin H. Sawyer
Mr. Lee C. Davis
Sutherland, Asbill & Brennan, LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309
(404) 853-8188
ben.sawyer@sablaw.com
lee.davis@sablaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>  /s/ Benjamin H. Sawyer        </u>
OF COUNSEL

Mr. Rhon E. Jones
Ms. Scarlette M. Tuley
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL  36103-4160
Email:  RHON.JONES@BEASLEYALLEN.COM
Email:  SCARLETTE.TULEY@BEASLEYALLEN.COM