IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROFESSIONAL FACILITIES MANAGEMENT, INC., Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 2:06CV1136-MHT ) |
| EMCOR FACILITIES SERVICES, INC., Defendant. | ) ) ) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIM AND ADD A COUNTERCLAIM DEFENDANT**

Pursuant to this Court's September 21, 2007 Order (Doc. 38), EMCOR Facilities Services, Inc. ("EMCOR"), hereby files this Supplemental Brief in Support of its Motion for Leave to Amend and Add a Counterclaim Defendant (Doc. 34) and shows the Court as follows:

1.   PFMI's President admits that he paid EMCOR's former Director of Business Development at least $12,000.00, while he served as a director for EMCOR.

> "Q.   The next document I'll mark as Exhibit 105. Could you take a look at Exhibit 105 and tell me what that is?
>
> A.   That's a payment details of where PFMI paid Alan Cristal approximately $12,000 in increments of $1,000.
>
> Q.   At the time of this, was Mr. Cristal an employee of EMCOR?
>
> A.   That is correct.
>
> Q.   Okay. You said $12,000, but I'm looking at $23,000. Why is that?
>
> A.   Some accounting flaw, I'm assuming. I don't know what the adjustment, where it says adjustment would be for. But he was paid $12,000, a $1,000 equal per monthly payments."

*See* Excepts of Deposition of Greg Littlefield dated September 27, 2007, p. 201 line 14 through p. 202 line 7, attached hereto as Exhibit "A".

LitCon 239778.1

2.      During the Branch Banking & Trust ("BB&T") project, PFMI established a separate vendor number for recurring payments made to EMCOR's director: "Vendor Number: 4307-Alan Cristal." *See* Deposition Exhibit No. 105 "Payment Details", attached hereto as Exhibit "B".

3.      PFMI's President admits that he had no doubt that Mr. Cristal was an employee of EMCOR at the time he started making recurring payments to Mr. Cristal.

> "Q.     [B]ut it's a fair statement that there was no doubt in your mind at the time you started paying [Mr. Cristal] that he worked for EMCOR and was being paid by EMCOR; correct?
>
> A.      That's correct. And we were working for EMCOR and being paid by EMCOR too at that time.
>
> Q.      As a subcontractor?
>
> A.      Yes.
>
> Q.      You weren't an employee for EMCOR, right?
>
> A.      Yes.
>
> Q.      But Mr. Cristal was?
>
> A.      That's what I'm told."

Exhibit "A", p. 207 lines 4 through 18.

4.      PFMI's President admits that he did not inform EMCOR or "anyone else" that he was paying thousands of dollars to Mr. Cristal during the BB&T project.

> "Q.     Did you tell anybody else from EMCOR that you were paying Mr. Cristal?
>
> A.      No. It was obviously not anything we thought was wrong and was trying to hide.
>
> Q.      But it's true that you never let anybody else from EMCOR know?
>
> A.      That's true. I didn't let anyone from anywhere else know either."

Exhibit "A", p. 212 lines 7 through 16.

5.   PFMI's President admits that Mr. Cristal was his primary contact for the BB&T account before PFMI's contract with EMCOR.

> "Q.   Mr. Littlefield, it's true that Mr. Cristal was one of your primary contacts both before the BB&T bid and after; isn't that right?
>
> A.   Primary contact before, not primary contact after."

Exhibit "A", p. 213 lines 7 through 12.

6.   Based on the admissions of PFMI's President and the admissions of Mr. Cristal, EMCOR respectfully submits that the elements of tortious interference with contractual and/or business relations are satisfied and that permitting EMCOR leave to amend is appropriate. *See Gross v. Lowder Realty Better Homes and Gardens*, 494 So.2d 590 (Ala. 1986).

THE FOREGOING CONSIDERED Defendant EMCOR respectfully asks that its Motion for Leave to Amend and Add a Counterclaim Defendant (Doc. 34) be granted.

/s/ Benjamin H. Sawyer
BENJAMIN H. SAWYER
Attorney for Defendant
Emcor Facilities Services, Inc.

OF COUNSEL:
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 853-8188
Email: BENJAMIN.SAWYER@SABLAW.COM

and

JACK OWEN   (ASB-4805-N66C)
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: CCOWEN@BALL-BALL.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ Benjamin H. Sawyer
OF COUNSEL

Mr. Rhon E. Jones
Ms. Scarlette M. Tuley
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Email: RHON.JONES@BEASLEYALLEN.COM
Email: SCARLETTE.TULEY@BEASLEYALLEN.COM

**MERRILL LEGAL SOULTIONS**
Court Reporting*Legal Videography*Trial Services

Page 192

```
 1              IN THE UNITED STATES DISTRICT COURT

 2               FOR THE MIDDLE DISTRICT OF ALABAMA

 3                         NORTHERN DIVISION

 4

 5    PROFESSIONAL FACILITIES

 6    MANAGEMENT, INC.,

 7         Plaintiff,

 8    vs.                          CASE NO. 2:06cv1136-MHT

 9    EMCOR FACILITIES

10    SERVICES, INC., and

11    A, B, and C, as

12    Fictitious Parties,

13         Defendants.

14    _____

15            *     *     *     *     *     *

16               CONTINUED DEPOSITION

17                        OF

18                 GREG LITTLEFIELD,

19                    VOLUME II

20    taken pursuant to Court Order on behalf of the

21    Defendant, at the Offices of Beasley, Allen,

22    Crow, Methvin, Portis & Miles P.C., 218

23    Commerce Street, Montgomery, Alabama 36103,
```

**EXHIBIT A**

Page 201

```
1    A.    -- in June 2006.
2    Q.    So it would have been about June 15th,
3          2006?
4    A.    Between June 15th and 30th, yeah.
5    Q.    Does this -- what's been marked as
6          Exhibit 104 comprise the amount of money
7          that PFMI paid Mr. Cristal when he was an
8          employee of PFMI?
9    A.    That's correct.
10   Q.    Okay.
11                 (The referred-to document was
12                 marked for identification as
13                 Defendant's Exhibit No. 105)
14   Q.    (BY MR. SAWYER)  The next document I'll
15         mark as Exhibit 105.  Could you take a
16         look at Exhibit 105 and tell me what that
17         is?
18   A.    That's a payment details of where PFMI
19         paid Alan Cristal approximately $12,000
20         in increments of $1,000.
21   Q.    At the time of this, was Mr. Cristal an
22         employee of EMCOR?
23   A.    That is correct.
```

Page 202

1  Q.  Okay. You said $12,000, but I'm looking
2      at $23,000. Why is that?
3  A.  Some accounting flaw, I'm assuming. I
4      don't know what the adjustment, where it
5      says adjustment, would be for. But he
6      was paid $12,000, a $1,000 equal per
7      monthly payments.
8  Q.  And did the payments start in December of
9      2005?
10 A.  Yes.
11 Q.  But to the best of your recollection, you
12     paid Mr. Cristal $12,000 instead of
13     23,300 --
14 A.  That's correct.
15 Q.  I'm sorry, let me finish.
16           But to the best of your
17     recollection, as you recall, the payment
18     from PFMI to Mr. Cristal was $12,000
19     monthly instead of $23,376.65?
20         MS. TULEY: Object to form, $1,000
21         monthly or $12,000 monthly?
22         BY MR. SAWYER: $1,000 monthly.
23         MS. TULEY: Okay.

Page 207

1  A.  I didn't have a problem with it. It was
2      after the fact.
3  Q.  So what reason at all -- strike that.
4      But it's a fair statement
5      that there was no doubt in your mind at
6      the time you started paying him that he
7      worked for EMCOR and was being paid for
8      EMCOR; correct?
9  A.  That's correct. And we were working for
10     EMCOR and being paid by EMCOR too at that
11     time.
12 Q.  As a subcontractor?
13 A.  Yes.
14 Q.  You weren't an employee for EMCOR;
15     right?
16 A.  Yes.
17 Q.  But Mr. Cristal was?
18 A.  That's what I'm told.
19 Q.  I mean, I just -- I guess, I just don't
20     get, why -- why would you pay him just
21     because he asked you?
22     MS. TULEY: Object to form. Asked
23     and answered.

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 212

1           there never would have been
2           before a finder's fee or, you
3           know, paid to another
4           contractor or subcontractor
5           or, you know, it's not always
6           uncommon in the industry.
7    Q.    (BY MR. SAWYER) Did you tell anybody else
8           from EMCOR that you were paying Mr.
9           Cristal?
10   A.    No.  It was obviously not anything we
11          thought was wrong and was trying to
12          hide.
13   Q.    But it's true that you never let anybody
14          else from EMCOR know?
15   A.    That's true.  I didn't let anyone from
16          anywhere else know either.  It wasn't
17          like we were concealing it, but there was
18          no need in it.
19   Q.    Are there any other payments that you
20          made to Mr. Cristal for this BB&T work
21          that are not reflected on this check
22          register?
23   A.    No.

Page 213

1  Q.  But the 23,000 number is wrong. It
2      should be 12,000?
3  A.  That's correct.
4  Q.  Okay.
5          MR. SAWYER: Off the record.
6          (Discussion off the record)
7  Q.  (BY MR. SAWYER) Mr. Littlefield, it's
8      true that Mr. Cristal was one of your
9      primary contacts both before the BB&T bid
10     and after; isn't that right?
11 A.  Primary contact before, not primary
12     contact after.
13 Q.  Okay. So after the performance of the
14     work started, the primary contact, I
15     guess, would have been Shawn Brookins?
16 A.  Yeah.
17 Q.  Okay. But prior to the contract getting
18     signed and when everything was going on
19     with the request for proposal, Alan would
20     have been one of your primary contacts at
21     EMCOR?
22 A.  It would have been Alan, David Crosby,
23     Mark Smith, Steven King --

09/26/2007   9:01:30 AM                                                                                       Page 1 of 1

## Payment Details

Vendor Number: 4307 - Alan Cristal

| Check Date | Check Number | Check Amount | Method |
|---|---|---|---|
| 02/28/2007 | 30650 | $0.00 | Check |
| 12/31/2006 |  | $11,000.00 | Adjustment |
| 12/06/2006 | -29729 | ($1,000.00) | Check |
| 12/06/2006 | 29729 | $1,000.00 | Check |
| 11/07/2006 | 29341 | $1,000.00 | Check |
| 10/06/2006 | 28897 | $1,000.00 | Check |
| 09/01/2006 | 28546 | $1,000.00 | Check |
| 08/28/2006 | 28410 | $376.65 | Check |
| 07/31/2006 | 27972 | $1,000.00 | Check |
| 06/29/2006 | 27581 | $1,000.00 | Check |
| 06/08/2006 | 27288 | $1,000.00 | Check |
| 05/02/2006 | 26960 | $1,000.00 | Check |
| 03/29/2006 | 26633 | $1,000.00 | Check |
| 03/08/2006 | 26452 | $1,000.00 | Check |
| 02/06/2006 | 26071 | $1,000.00 | Check |
| 01/31/2006 | 25989 | $1,000.00 | Check |
| 12/09/2005 | 25560 | $1,000.00 | Check |

$23,376.65



EXHIBIT
105 Littlefield

EXHIBIT   B