IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 SEP 17 P 4: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PROFESSIONAL FACILITIES MANAGEMENT, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>EMCOR FACILITIES SERVICES )<br>INC.; and A, B, and C, as fictitious )<br>Parties )<br>)<br>Defendants. ) | Civil Action No. 2:06CV1136-MHT<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT EMCOR FACILITIES SERVICES, INC.'S
ANSWER AND AMENDED COUNTERCLAIM**

Defendant, EMCOR Facilities Services, Inc. ("EMCOR") states the following Answer to the Complaint asserted by Professional Facilities Management, Inc. ("Plaintiff").

**ANSWER TO NUMBERED PARAGRAPHS**

1.  EMCOR is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 1.

2.  In response to Paragraph 2, EMCOR states that it is a corporation organized and existing under the laws of the state of Connecticut. In further response to Paragraph 2, EMCOR states that it is authorized to conduct business in the state of Virginia. The remaining allegations of Paragraph 2 of Plaintiff's Complaint are denied as stated.

3.  EMCOR denies that Plaintiff has sustained any damages. The remaining allegations of Paragraph 3 of Plaintiff's Complaint are denied as stated.

4.  Denied as stated.

LitCon 235758.5

5. Denied.

6. EMCOR admits that it executed a written contract with Branch Banking & Trust ("BB&T") to perform cleaning services, landscaping, and certain maintenance work for BB&T properties in over ten (10) states and the District of Columbia. The remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied as stated.

7. EMCOR admits that it executed a written contract with BB&T to perform cleaning services, landscaping, and certain maintenance work for BB&T properties in over ten (10) states and the District of Columbia. The remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied as stated.

8. Denied.

9. Denied.

10. Denied.

11. EMCOR admits that it entered into an agreement with Plaintiff and that it executed a letter of intent. EMCOR also states that Exhibit "A" to Plaintiff's Complaint appears to be an accurate copy of the letter of intent. The remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied as stated.

12. EMCOR admits that it entered into an agreement with Plaintiff and that it executed a letter of intent. EMCOR also states that Exhibit "A" to Plaintiff's Complaint appears to be an accurate copy of the letter of intent. The remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied as stated.

13. Denied.

14. Denied.

15. EMCOR admits that Plaintiff was only entitled to payment for cleanable square footage and that it was Plaintiff's duty to verify the amount of cleanable square footage within its scope of work. The remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied as stated.

16. EMCOR admits that, pursuant to its agreement with Plaintiff, Plaintiff was required to verify the amount of cleanable square footage within its scope of work and provide this information to EMCOR. EMCOR denies that Plaintiff complied with its agreement. The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied as stated.

17. EMCOR admits that it conducted negotiations with Plaintiff. The remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied as stated.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. EMCOR admits that it never agreed to pay Plaintiff for gross square footage. EMCOR further admits that Plaintiff failed and refused to provide accurate cleanable square footage amounts to EMCOR. The remaining allegations of Paragraph 23 of Plaintiff's Complaint are denied as stated.

24. EMCOR admits that it never agreed to pay Plaintiff for gross square footage. EMCOR further admits that Plaintiff failed and refused to provide accurate cleanable square footage amounts to EMCOR. The remaining allegations of Paragraph 24 of Plaintiff's Complaint are denied as stated.

25. Denied as stated.

26. Denied as stated.

27. Denied as stated.

28. Denied as stated.

29. Admitted.

30. Denied as stated.

31. Denied as stated.

32. Denied as stated.

33. Denied as stated.

## COUNT I

34. EMCOR admits that it entered into an agreement with Plaintiff. The remaining allegations contained in Paragraph 34 of Plaintiff's Complaint are denied as stated.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

EMCOR denies any and all averments in Plaintiff's "WHEREFORE" clause and in all of Plaintiff's prayers for relief. Unless expressly admitted above, each and every averment in Plaintiff's Complaint is denied.

## COUNT II

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

EMCOR denies any and all averments in Plaintiff's "WHEREFORE" clause and in all of Plaintiff's prayers for relief. Unless expressly admitted above, each and every averment in Plaintiff's Complaint is denied.

## COUNT III

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

EMCOR denies any and all averments in Plaintiff's "WHEREFORE" clause and in all of Plaintiff's prayers for relief. Unless expressly admitted above, each and every averment in Plaintiff's Complaint is denied.

## COUNT IV

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

EMCOR denies any and all averments in Plaintiff's "WHEREFORE" clause and in all of Plaintiff's prayers for relief. Unless expressly admitted above, each and every averment in Plaintiff's Complaint is denied.

## COUNT V

59. Denied.

60. Denied as stated.

61. Denied.

62. Denied.

63. Denied.

EMCOR denies any and all averments in Plaintiff's "WHEREFORE" clause and in all of Plaintiff's prayers for relief. Unless expressly admitted above, each and every averment in Plaintiff's Complaint is denied.

## COUNT VI

64. Denied.

65. Denied.

66. Denied as stated.

67. Denied.

EMCOR denies any and all averments in Plaintiff's "WHEREFORE" clause and in all of Plaintiff's prayers for relief. Unless expressly admitted above, each and every averment in Plaintiff's Complaint is denied.

## FIRST AFFIRMATIVE DEFENSE

68. Some or all of Plaintiff's claims fail to state a claim for which relief can be granted in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

69. Some or all of Plaintiff's claims are barred by failure of conditions precedent.

## THIRD AFFIRMATIVE DEFENSE

70. Some or all of Plaintiff's claims are barred by expiration of the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

71. Some or all of Plaintiff's claims are barred by accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims, or portions thereof, are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims, or portions thereof, are barred by failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims, or portions thereof, are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

75. Some or all of Plaintiff's claims have been waived.

## NINTH AFFIRMATIVE DEFENSE

76. Plaintiff's recovery is precluded or must be reduced by the doctrine of setoff.

## TENTH AFFIRMATIVE DEFENSE

77. Some or all of Plaintiff's claims are barred by Plaintiff's material breach of its agreement with EMCOR.

## ELEVENTH AFFIRMATIVE DEFENSE

78. Some or all of Plaintiff's claims are barred by the statute of frauds.

WHEREFORE, EMCOR respectfully requests:

a) that Plaintiff take nothing by way of its Complaint;

b) that EMCOR be awarded its costs of defense; and

c) that the Court grant such further relief to EMCOR as it deems just and proper.

## AMENDED COUNTERCLAIM AGAINST PROFESSIONAL FACILITIES MANAGEMENT, INC. AND GREG LITTLEFIELD

EMCOR Facilities Services, Inc. ("EMCOR") hereby files this Amended Counterclaim against Professional Facilities Management, Inc. ("PFMI") and Greg Littlefield and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

79. Paragraphs 1 through 78 of EMCOR's Answer are incorporated herein by reference as though fully set forth herein.

80. EMCOR is a corporation organized and existing under the laws of the State of Connecticut. EMCOR is authorized to conduct business in the State of Alabama.

81. Upon information and belief, Counter Claim Defendant, PFMI is a corporation organized and existing under the laws of the State of Alabama.

82. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

83. In or about June of 2005, EMCOR entered into a contract with Branch Banking and Trust ("BB&T") to provide certain cleaning services, landscaping, and certain maintenance work for BB&T properties in over ten (10) states and the District of Columbia. The total value of this contract was in excess of $10,000,000.00 annually.

LitCon 235758.5

8

84. In or about July of 2005, EMCOR and PFMI entered into an agreement whereby PFMI agreed to perform certain cleaning services on a unit price basis.

85. Pursuant to EMCOR's agreement with PFMI, the price of the work was based upon the net cleanable square footage of the properties within PFMI's scope of work.

86. As part of its agreement with EMCOR, PFMI agreed to verify the total amount of net cleanable square footage within its scope of work in order to accurately charge BB&T for the same.

87. Additionally, PFMI agreed to perform its work in a reasonably diligent and workmanlike manner, and to further provide proper supervision over its laborers performing the cleaning work and the hiring of workers.

88. PFMI failed to fulfill its obligations under its agreement with EMCOR. Specifically, PFMI failed to verify the total amount of cleanable square footage within its scope of work, failed to properly perform its cleaning obligations for many BB&T facilities, and failed to provide adequate supervision over its labor and the hiring of workers.

## COUNT I-BREACH OF CONTRACT (against PFMI)

89. Paragraphs 1 through 88 of EMCOR's Answer and Counterclaim are incorporated herein by reference as though fully set forth herein.

90. EMCOR and PFMI entered into an agreement whereby PFMI agreed to perform certain cleaning work for BB&T facilities based on the net cleanable square footage of these facilities. As part of this agreement, PFMI was required to verify the total amount of cleanable square footage for each BB&T facility.

91. Under the agreement, PFMI was required to perform its cleaning services in a timely and workmanlike manner. PFMI was further required to properly supervise its labor

forces and the hiring of workers in order to protect EMCOR and BB&T from damage and/or theft.

92. PFMI breached its obligations to EMCOR by, among other things, failing to accurately provide the actual amount of cleanable square footage for the BB&T facilities within its scope of work; over billing EMCOR based on inflated representations of cleanable square footage; failing to perform work in a timely and workmanlike manner; and failing to properly supervise its labor forces and the hiring of labor.

93. As a direct and proximate result of PFMI's breaches of its agreement with EMCOR, EMCOR has been damaged. These damages include, among others, loss of EMCOR's account with BB&T, which exceeded $10,000,000.00 in annual revenue.

94. PFMI's material breaches of contract caused EMCOR to incur damages in excess of $2,000,000.00.

## COUNT II-INDEMNITY (against PFMI)

95. Paragraphs 1 through 94 of EMCOR's Answer and Counterclaim are incorporated herein by reference as though fully set forth herein.

96. Under its agreement with EMCOR, PFMI had a duty to properly supervise its labor and the hiring of its workers.

97. PFMI breached its duty to EMCOR by failing to properly supervise its labor forces and the hiring of its workers.

98. As a direct and proximate result of PFMI's failure to fulfill its duties to EMCOR, a "proof bag" containing negotiable instruments and other financial documents was stolen from a BB&T location at 215 West Broad Street in Elizabethtown, North Carolina.

LitCon 235758.5

10

99. As a direct and proximate result of PFMI's failure to fulfill its duties to EMCOR, EMCOR was required to pay BB&T $112,639.44.

100. PFMI is responsible to EMCOR for direct and consequential damages arising from PFMI's failure to comply with its obligations.

### COUNT III-NEGLIGENCE (against PFMI)

101. Paragraphs 1 through 100 of EMCOR's Answer and Counterclaim are incorporated herein by reference as though fully set forth herein.

102. PFMI was required to perform its cleaning services in a timely, diligent, and workmanlike manner. PFMI was further required to properly supervise its labor forces and the hiring of workers.

103. PFMI negligently performed its cleaning services by, among other things, failing to timely and properly perform its work; failing to provide reasonable supervision of its labor; and failing to exercise reasonable care in its hiring of labor.

104. As a direct and proximate result of PFMI's negligence, EMCOR has been damaged in an amount in excess of $2,000,000.

### COUNT IV-TORTIOUS INTEREFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS (against PFMI and Greg Littlefield)

104. Paragraphs 1 through 103 of EMCOR's Answer and Counterclaim are incorporated herein by reference as though fully set forth herein.

105. PFMI and its President, Greg Littlefield, knew EMCOR employed Mr. Alan Cristal as its Director of Business Development and that EMCOR relied upon Mr. Cristal to protect EMCOR's interests.

106. PFMI and its President intentionally interfered with EMCOR's contract with Mr. Cristal and its business relationship with BB&T by, among other things, paying EMCOR's

Director of Business Development for retaining PFMI as the janitorial service contractor for the BB&T project.

107. As a direct and proximate result of PFMI's and Mr. Littlefield's tortious interference with EMCOR's contractual and business relations, EMCOR has been damaged in an amount in excess of $2,000,000.

WHEREFORE, EMCOR respectfully requests that it be awarded:

a)  direct and consequential damages in an amount to be proven at trial;

b)  costs of litigation;

c)  prejudgment interest;

d)  punitive damages on its tortious interference claims; and

e)  such further relief as this Court deems just and proper under the circumstances.

/s/ Jack Owen
JACK OWEN  (ASB-4805-N66C)
Attorney for Defendant
EMCOR Facilities Services, Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: CCOWEN@BALL-BALL.COM

and

Benjamin H. Sawyer
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 853-8188
Email: BENJAMIN.SAWYER@SABLAW.COM

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing Motion upon counsel of record noted below, by placing the same in the U. S. Mail, first class postage prepaid and properly addressed.

DATED:  September 17, 2007

                      _____
                      OF COUNSEL

Mr. Rhon E. Jones
Ms. Scarlette M. Tuley
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Email: RHON.JONES@BEASLEYALLEN.COM
Email: SCARLETTE.TULEY@BEASLEYALLEN.COM

LitCon 235758.5

13