IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROFESSIONAL FACILITIES MANAGEMENT, INC., Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. <u>2:06CV1136-MHT</u> |
| EMCOR FACILITIES SERVICES, INC., Defendant. | )<br>)<br>)<br>) |
| v. | )<br>) |
| PROFESSIONAL FACILITIES MANAGEMENT, INC. | )<br>)<br>) |
| and | )<br>) |
| GREG LITTLEFIELD<br>Counterclaim Defendants | )<br>)<br>) |

## EMCOR'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I, V, AND VI

EMCOR Facilities Services, Inc. ("EMCOR"), pursuant to Fed. R. Civ. P. 56, hereby moves this Court to enter partial summary judgment in its favor on Counts I, V, and VI of Plaintiff's Complaint limiting Professional Facilities Management Inc.'s ("PFMI") recovery to amounts for which it is potentially liable to its subcontractors; dismissing PFMI's claims for recovery of attorney's fees; and dismissing PFMI's claims for recovery of damages for "additional trash removal expenses."

As grounds, Defendant EMCOR asserts that, as to these matters, there exists no genuine issue of material fact and it is entitled to judgment in its favor as a matter of law. More specifically:

1

1. Plaintiff PFMI admits that it subcontracted all janitorial work and did not self-perform janitorial services required by its agreement with EMCOR. In discovery, EMCOR learned that PFMI has settled with "all" of its subcontractors and been released from liability by the entities that actually incurred the cost of the work. In this action, Plaintiff PFMI impermissibly seeks to "pass through" the settled claims of its sub-tier vendors for almost triple the amount for which PFMI is exposed to these vendors.

2. Absent payment or potential liability to subcontractors for these claims, Plaintiff PFMI cannot seek recovery far in excess of the amount of its potential liability to these entities. *See Department of Transportation v. Claussen Paving Company*, 273 S.E.2d 161 (Ga. 1980) ("[I]t is insufficient proof for a prime contractor who is suing an owner to prove that his subcontractor has sustained injury or damage through fault of the owner unless the prime contractor goes further and shows that he somehow is responsible to the subcontractor for those damages."); *see also Raymer v. Foster & Cooper, Inc.*, 393 S.E.2d 49, 51 (Ga.App. 1990) (permitting contractor recovery of subcontractor 'pass-through' claims to the extent contractor "agree[d] to 'pass on' its recovery to its subcontractor."); *National American Ins. Co. v. Boh Bros. Construction Co., Inc.*, 700 So.2d 1363 (Ala. 1997) (surety entitled to subrogation to the extent of payment of contractor's liability to subcontractors even though contractor failed to qualify to do business in Alabama and could not recover damages caused by the owner).

3. Partial summary judgment should also be entered on PFMI's claim for attorney's fees against EMCOR. Plaintiff's Fed. R. Civ. P. 30(b)(6) corporate representative on damages admits that PFMI is not aware of any agreement between PFMI and EMCOR concerning recovery of attorney's fees and no such agreement exists. As such, PFMI's claim for attorney's

2

SUTHERLAND 7821754.1R

fees must be dismissed. *See King Development & Realty, Inc. v. Eslami*, 964 So.2d 51, 57 (Ala. Civ. App. 2007) ("In Alabama, attorney's fees are recoverable only where authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be paid.").

4. Additionally, PFMI's expert report references "*Additional trash removal expenses of approximately $88,000 have not been included. We will revise the loss to include these amounts when documentation is available." PFMI failed to produce any documents evidencing this potential claim during the extended discovery period. PFMI's Fed. R. Civ. P. 30(b)(6) corporate representative on damages admitted that PFMI has no opinion or knowledge concerning PFMI's entitlement to damages for this potential $88,000 claim. Accordingly, PFMI should be precluded from asserting these amounts at the time of trial of this matter.

This motion is based upon the Brief in Support of Motion for Partial Summary Judgment and Statement of Undisputed Material Facts filed herewith, including the Exhibits attached thereto, the admissions of Plaintiff's Fed. R. Civ. P. 30(b)(6) corporate representatives, all pleadings and all papers of record with the Court, and any oral argument this Court may consider and allow.

Respectfully submitted this 11th day of February, 2008,

/s/Benjamin Sawyer
Benjamin H. Sawyer
GA Bar No. 627935
*Attorneys for Defendant*
*EMCOR Facilities Services, Inc.*

OF COUNSEL:
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 853-8188
Email: BENJAMIN.SAWYER@SABLAW.COM

and

Jack Owen   (ASB-4805-N66C)

BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: CCOWEN@BALL-BALL.COM

---

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I hand filed the foregoing with the Clerk of the Court, and served a copy upon the following listed persons by placing the same in the U. S. Mail, first class postage prepaid and properly addressed:

OF COUNSEL

Mr. Rhon E. Jones
Ms. Scarlette M. Tuley
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Email: RHON.JONES@BEASLEYALLEN.COM
Email: SCARLETTE.TULEY@BEASLEYALLEN.COM

Mr. F. Chadwick Morriss
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, AL 36101-0270
Email: fcm@rsjg.com (Morriss)

4

SUTHERLAND 7821754.1R